Supreme Court—Byrne v. Butterworth.

CATHERINE BYRNE AND PETER BYRNE, HER HUSBAND, APPELLANTS, v. WILLIAM H. BUTTERWORTH, RESPONDENT.

Submitted October 15, 1926—Decided March 23, 1927.

Negligence—Injury to Plaintiff While at the Intersection of Streets—Defendant Not Having Right of Way, Gave No Warning and Turned in a Way That Could Not Have Been Done if the Traffic Act Had Been Obeyed—Judgment For Nonsuit Reversed.

On appeal from the Essex Circuit Court.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellants, *Michael J. Tansey.*

For the respondent, *Frank G. Turner.*

The opinion of the court was delivered by

LLOYD, J. This is an appeal from a judgment of nonsuit entered in the Essex Circuit Court. The action was to recover damages for personal injuries received by Mrs. Byrne in a collision with an automobile driven by the defendant, Butterworth. The case made by the plaintiff was that on September 30th, 1923, about seven o'clock in the evening, she was going east on the north side of South Orange avenue, in East Orange, and that when she reached the center of Clinton street (which intersects from the north but does not cross South Orange avenue), she was struck on the right side and back by defendant's automobile. She testified that there was no one on Clinton street, that no warning or sign of any kind was given, and the defedant admitted that he did not see the plaintiff until he saw her on the fender.

We think the plaintiff was entitled to have her case submitted to the jury, and that the nonsuit was error. Having

the right of way in crossing Clinton street, it was the duty of the defendant to respect that right, especially so in turning from a straight line on South Orange avenue into Clinton street. That he came from South Orange avenue is evidenced by the fact that the plaintiff was struck on the right side, and from the further fact that she looked but saw no automobile on the street she was crossing. A car proceeding in either direction on the avenue if seen by the plaintiff would have justified an inference that its course would not change without warning, and certainly not change into another street, the crossing of which might be occupied by one on foot, crossing at its intersection. Even as to vehicles, the driver of an automobile is obliged to give warning of a turn, and if this be true as to those having equal rights only, the rule would seem to be available to one having superior rights. While it does not appear from which direction the defendant was proceeding before making the turn, it does appear that he struck the defendant while she was in the center of Clinton street. This he could not have done if he had obeyed the provisions of the Traffic act, which require that one turning to the right shall keep close to the right-hand side of the highway, and if turning to the left to proceed beyond the center of the intersection before making the contemplated turn. There was also evidence of negligence in the failure of the defendant to observe the plaintiff until she was actually on his fender.

The judgment is reversed and a *venire de novo* awarded.